IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN P. BRADLEY,

                                         ORDER

               Plaintiff,

                                    13-cv-859-bbc

       v.

MATTHEW FLYNN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This closed civil case was brought by plaintiff Kevin P. Bradley, who contended that defendant Matthew Flynn, a Dane County Sheriff's Deputy, had arrested him illegally after plaintiff's brother called to report an altercation at his residence between him and plaintiff. The case was closed on January 9, 2015, after summary judgment was entered for defendant. Dkt. #31. Two days later, plaintiff moved for reconsideration, contending that the court erred in granting summary judgment.

In support of his motion, plaintiff identified certain findings in the court's order that he considered to be errors or omissions. After reviewing his submission, I am persuaded that plaintiff has no basis for reconsideration of the order. His objections rest entirely on what he thinks is the court's misunderstanding of the nature of the altercation between him and his brother and of what was actually said. Even if he is correct, he has no basis for seeking reconsideration because the details of that altercation are irrelevant to his claim.

The case arose out of an incident that took place at plaintiff's brother's house, where plaintiff was renting the basement.  Plaintiff and his brother argued over plaintiff's desire to have friends stay overnight; when plaintiff said he intended to have them over, his brother told him he would have to leave the residence and turn over his keys.  When plaintiff refused to leave or to give up the keys, his brother told him to leave, whereupon plaintiff pushed his brother over the threshold of the basement door and shut the door.  His brother then called the police.

Defendant responded to the call and talked to both plaintiff and his brother, each of whom told defendant his version of the events.  After hearing the statements, defendant arrested plaintiff as the aggressor in a domestic abuse incident under Wis. Stat. § 968.075.  In the order granting summary judgment, I found that defendant had acted reasonably by arresting plaintiff under the statute, which criminalizes acts of domestic abuse by an adult person against "an adult with whom the person resides" when the adult person commits a "physical act that may cause the other person reasonably to fear imminent engagement in an "intentional impairment of physical condition," "intentional infliction of physical pain, physical injury or illness" or a sexual assault.  § 968.075.

The question raised by defendant's motion was whether he acted legally in arresting plaintiff and removing him from his brother's house.  The answer rested entirely on what defendant knew at the time he made the arrest.  Mucha v. Village of Oak Brook, 650 F.3d 1053, 1056 (7th Cir. 2011).  It was undisputed that he was not in a position to know exactly what the brothers said to each other.  All he could have known was what they told

him about the nature of their argument.

Plaintiff complains that the court erred in saying that plaintiff told his brother he "*would* have his friends over and in drawing the inference that because plaintiff had said he would have friends over, he would have done so, despite his brother's wishes. He says also that the court erred in omitting the exact content of his brother's insults to him and made mistakes in setting out the order in which the events happened. Plt.'s Br., dkt. #32-1, at1-2. None of plaintiff's complaints have any force. The legality of plaintiff's arrest stands or falls on what *defendant* knew at the time he executed the arrest. He cannot be held to have known what the brothers said to each other before he arrived or about plaintiff's propensity for violence, if any. .

Plaintiff denies that his brother could have had a reasonable fear of him or of what he would do, but what *plaintiff* knew or believes is irrelevant to the determination of the legality of defendant's actions. All that defendant knew was that plaintiff's brother had reported feeling some fear of plaintiff during the altercation. As explained in the opinion, dkt. #30 at 507, this report was sufficient to support defendant's decision to arrest plaintiff under Wis. Stat. § 968.075.

Plaintiff has one additional objection, which is that this court noted that a child was present during the altercation, when the "child" was actually a niece who was a college student. This is yet another irrelevancy. The presence of absence of the niece had nothing to do with the episode itself or with defendant's decision to arrest plaintiff.

In summary, I conclude that plaintiff has shown no reason why the judgment in this

case should be reconsidered.

ORDER

IT IS ORDERED that plaintiff Kevin P. Bradley's motion to reconsider the judgment in this case, dkt. #32, is DENIED.

Entered this 17th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge